IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER COLUMBUS SIMMONS,    )
                            )
            Plaintiff,      )
                            )
    v.                      )    1:13cv566
                            )
LT. RANDY SHELTON, et al.,  )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court two motions – a motion to dismiss filed by Defendants Nurses April, Jessica and Marilyn (Docket Entry 20) and a separate motion to dismiss filed by Defendant Lt. Randy Shelton. (Docket Entry 22.) Plaintiff has responded to the motions and the matter is ripe for disposition. For the reasons that follow, Defendants' motions to dismiss should be granted.

**I. Background and Plaintiff's Allegations**

On July 3, 2013, Plaintiff Walter Columbus Simmons, a former inmate at the Surry County Detention Center, filed this *pro se* action, naming the following persons as Defendants: Lt. Randy Shelton, and Nurses Marilyn, April and Jessica. Plaintiff filed an amended complaint on September 4, 2013. (Docket Entry 7.) The complaint is on a form that purports to set forth a claim pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff's civil rights, and the factual allegations are in the nature of a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Plaintiff's factual allegations, in their entirety, are as follows[1]:

> In the month of Oct. 6 2012 I was housed at Surry County Detention Center. Between the months of Oct. and Nov. 2012 (1) I was seen by Nurse Jessica for a physical. My blood pressure was checked and it was high. I was asked was I taking any medication for it. I told her yes when I was out I took a pink water pill for my high blood pressure. (2) The second time I went to see the Nurse April for other reasons my blood pressure was taken [and] it was still high but was not put on my medication. (3) The third time I was seen by the Nurse Marilyn for other reasons I was checked for high blood pressure it was still high. For all three times I was not given any medication for my high blood pressure. For seven months I [have] been suffering blurry eyes, headaches, dizziness, sweat at night. I [have] been going through this off and on for seven months. In the month of April 30, 2013 I was transferred to Forsyth County Jail. I was seen by the nurses there and my blood was still high so the nurses asked me have I been taking any medication for it. I told her yes a pink water pill for it. So the nurse put me on my blood pressure pink water pill. Ever since things have not been normal. Two weeks later I was transferred back to Surry County on May 15, 2103. The next day I did not receive any medication and I ask why not the nurse told me because it's normal, I fill out a grievance and was seen by one of the staffers for Step 1. Still no medication. I was also seen by Lt. Randy Shelton for Step II he told me to stay away from that medication keep telling me leave that medication alone and you will not get any medication here for sixty eight days I suffer blurry eyes, headaches, dizziness, light sweat and still haven't received my medication. On July 22, 2103, I was transferred to Ashe County. I was seen by the nurses there and they ask me did I have any problems I told her yes high blood pressure so she checked me and ask what I was taking. I told her a pink water pill so the nurse put me on my medication, after I went to two county [sic] and my medication was given. Now Surry County is giving me my medication but permanent damage has obviously been done to my body. The grounds I am suing for are negligence and medical malpractice.

(Am. Compl. at 5, Docket Entry 7.)

In his prayer for relief, Plaintiff asks for damages for negligence, mental anguish and pain and suffering. (*Id.* at 6.)

---

[1] Some spelling, punctuation and grammatical errors have been corrected.

## II. Motion to Dismiss Standard

Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face."). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even

3

under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

## III. Discussion

### A. Motion to Dismiss as to Defendant Lt. Randy Shelton

Plaintiff purports to bring a claim of deliberate indifference to serious medical needs based on Defendant Shelton's alleged failure to give Plaintiff blood pressure medicine. It is well settled that not "every claim by a prisoner that he has not received adequate medical treatment states a [constitutional] violation." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The Eighth Amendment only proscribes acts or omissions by prison officials that are "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Since *Estelle*, courts have developed a two-part test for evaluating Section 1983 claims alleging Eighth Amendment violations as to medical care; courts first evaluate whether there was evidence of a serious medical need and if so, then consider whether a defendant's response to that need amounted to deliberate indifference. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

In the prison context, a serious medical need exists if (1) a condition has been diagnosed by a physician as mandating treatment or is so obvious that a layperson would recognize the need for medical care; or if (2) a delay in treatment causes a lifelong handicap or permanent loss. In order to prove deliberate indifference, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is a subjective standard, focusing

on the defendant's conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 837-38; *see also Parish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). Additionally, the individual defendant must realize his actions were inappropriate as a result of his actual knowledge of risk to the inmate. *Parish*, 372 F.3d at 303. This standard is more than mere negligence, requiring actual knowledge of the individual defendant's own recklessness. *Farmer*, 511 U.S. at 836.

It is well settled that negligence or medical malpractice are not sufficient to establish deliberate indifference. *Estelle*, 429 U.S. at 105-06. An "error of judgment" on the part of prison medical staff, or "'inadvertent failure to provide adequate medical care,' while perhaps sufficient to support an action for malpractice, will not constitute a constitutional deprivation redressable under § 1983." *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979) (quoting *Estelle*, 429 U.S. at 105) (abrogated in part, on other grounds, *Neitzke v. Williams*, 490 U.S. 319 (1989)). "The bottom line is that prison officials without medical training are responsible for seeing that prisoners are attended to by medical professional. They are not responsible for determining the course of treatment or for overruling the opinions of those professionals." *Pulliam v. Super. of Hoke Correct.*, 1:05CV1000, 2007 WL 4180743 (M.D.N.C. Nov. 20, 2007).

Here, Plaintiff alleged symptoms of dizziness, headaches and night sweats.[2] He does not allege that Defendant Shelton was involved in his medical care, only that he made certain comments about Plaintiff's medication in response to a grievance allegedly filed by Plaintiff.

---

[2] As pointed out by Defendant Shelton, in a previous complaint Plaintiff alleged that his night sweats were caused by tobacco withdrawal. *See Simmons v. Surry Cnty Det. Cntr. et al*, 1:13-cv-1054, Docket Entry 2 (M.D.N.C. Nov. 21, 2013) (dismissed by Order dated March 18, 2014, Docket Entry 6).

5

The one sentence in the amended complaint as to Defendant Shelton is simply insufficient to allege that he had actual knowledge of a serious medical need or that he was deliberately indifferent to such a need. Plaintiff's assertion in his response that Defendant Shelton should have known that Plaintiff needed blood pressure medication because Defendant Shelton "stated that he has high blood pressure himself so he know[s] how I feel ... and know[s] that this could've killed me if I did not get my blood pressure down" (Pl.'s Resp. at 2-3, Docket Entry 27) is insufficient to show that Defendant Shelton had actual knowledge or was reckless in failing to give Plaintiff medication which was not prescribed by medical professionals. Dismissal of Plaintiff's claim is therefore proper as to Defendant Shelton.[3]

**B. Motion to Dismiss as to Defendant Nurses Jessica, Marilyn and April[4]**

Defendant Nurses have also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 20.) This motion is predicated on Plaintiff's failure to meet the mandatory pre-filing certification requirements of Rule 9(j) of the North Carolina General Statutes 1A-1, Rule 9(j).

In North Carolina, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j) which requires a plaintiff to include in his complaint an assertion that that an expert in the same field reviewed the medical care at issue and is willing to testify that the medical care did not comply with the applicable standard of care. *See* N.C.

---

[3] Defendant Shelton asserts other grounds for dismissal as well, including sovereign immunity and lack of supplemental jurisdiction. However, because the court is recommending dismissal on 12(b)(6) grounds, these arguments need not be addressed further.

[4] In the amended complaint, Plaintiff identifies these Defendants by only their first names. In their motion to dismiss, Defendants provide last names for Jessica and Marilyn, but not for April, noting however that the motion covers April as well "if that named defendant 'Ms. April' refers to an employee or former employee of Southern Health Partners." For the purposes of this Recommendation, the court will refer to these Defendants as "Defendant Nurses."

6

R. Civ. P. 9(j). Failure to comply with Rule 9(j) is grounds for dismissal. *See Littlepaige v. United States*, 528 Fed. App'x 289, 292 (4th Cir. 2013) (unpublished)(finding in a Federal Tort Claims Act case , "that, where applicable, a Rule 9(j) certification is a mandatory requirement for a plaintiff in a North Carolina medical malpractice action."); *Boula v. United States*, 1:11cv366, 2013 WL 5962935, at *2 (M.D.N.C. Nov. 7, 2013); *Moore v. Pitt Cnty Mem. Hosp.*, 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001). The only exception to this rule is where "[t]he pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*." Rule 9(j)(3).

In his amended complaint, Plaintiff is challenging the medical care he received while at Surry and he clearly states that he is suing for medical malpractice. (Am. Compl. at 5, Docket Entry 7.) The amended complaint contains no assertions regarding review of any medical records by a medical professional or potential expert witness. Thus, the only way Plaintiff could be in compliance with Rule 9(j) would be if the complaint establishes negligence under the doctrine of *res ipsa loquitur*.

"The doctrine of *res ipsa loquitor* applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." *Alston v. Granville Health Sys.*, 221 N.C. App. 416, 419, 727 S.E.2d 877, 879 (2012) (citation omitted); *see also Muhammad v. United States*, No. 5:11-CT-3126-FL, 2012 WL 3957473, at*6 (E.D.N.C. Sept. 10, 2012). Plaintiff's claim is based solely on Defendants' decisions regarding treatment of his alleged high blood pressure. The doctrine of *res ipsa loquitor* does not apply to the allegations of this action.

7

Case 1:13-cv-00566-WO-JLW   Document 35   Filed 05/14/15   Page 7 of 8

Plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. *Muhammad*, at *5 n. 2. Because Plaintiff's complaint does not contain the required Rule 9(f) certification, it must be dismissed.[5]

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motions to dismiss for failure to state a claim (Docket Entries 20, 22) be **GRANTED**. **IT IS FURTHER RECOMMENDED** that this action be dismissed with prejudice.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
May 14, 2015

---

[5] Even if Plaintiff were not asserting a medical malpractice claim, for the same reasons discussed in section III A, he has failed to state a claim against Defendant Nurses for deliberate indifference to a serious medical need and dismissal would be proper on those grounds.

8